IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 1:22-CR-116 |
| | : | |
| v. | : | (Judge Neary) |
| | : | |
| WILLIE BRISTOL, | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

    Under the Federal Rules of Evidence, not all prior convictions are admissible. Even those that are admissible may only be used for certain purposes. Clearly demarcating such legitimate purposes is key to protecting a defendant from undue prejudice. Presently before the court is the government's notice (Doc. 76) of intent to provide evidence of other crimes—three prior drug-trafficking-related convictions—pursuant to Federal Rules of Evidence 404(b), and a motion (Doc. 77) *in limine* to introduce the same, and impeach by evidence of criminal convictions based the same three convictions, along with an additional *crimen falsi* conviction pursuant to Rule 609.

    The government asserts the past drug convictions are necessary to prove defendant Willie Bristol's knowledge and intent to distribute controlled substances now, and that if Bristol takes the stand, each of his four convictions are admissible to attack his character for truthfulness. Because caselaw supports the admissibility of some of Bristol's convictions for some reasons, the government's motion will be granted in part and denied in part.

I.      **Factual Background and Procedural History**

On March 23, 2022, a grand jury returned a five-count indictment charging Bristol with possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841 (a)(1) (count 1); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1) (count 2); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (a)(1) (count 3); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count 4); and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (count 5). (Doc. 1).

The indictment stems from alleged offense conduct occurring in August 2021 in Harrisburg. On August 2 and 3, 2021, the Harrisburg City Vice Unit and Dauphin County Drug Task force conducted two controlled buys of marijuana from Bristol. (Government Exhibit 1, "Gov't Ex."). Following the controlled buys, an officer obtained a search warrant for Bristol's residence. (Id.). Police executed the warrant on August 5, 2021, and Mirandized[1] Bristol, who was the only individual present. (Gov. Ex. 2 at 00:43-1:00). When asked whether there was anything illegal in the house, Bristol responded affirmatively, indicating he had pounds of marijuana. (Id. at 1:01-1:17). He further responded to questioning that there were two guns and two or three thousand dollars in cash. (Id. at 1:21-1:50, 2:00-2:23).

During the search, officers recovered (1) approximately 18 kilograms of marijuana, (2) approximately 63 grams of powder cocaine, (3) approximately 80

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

grams of 82% pure methamphetamine, (4) a loaded 9-millimeter handgun, (5) a loaded .22 caliber handgun, and (6) approximately $9,700 in cash. (Gov't Ex. 1).

Following the search, Bristol claimed he borrowed the guns from a friend to teach his wife how to shoot, but that his wife did not live at the home. (Gov't Ex. 3 at 00:45-1:20, 2:20-2:56). He admitted that he purchased cocaine and bagged it for individual sale but claimed he did not have the market to sell it. (Id. at 2:55-3:15, 6:26-6:57). Bristol was asked about the methamphetamine recovered, which was packaged in a plastic bag with three small bags inside. He disclaimed knowledge of the substance inside, opining that it was purchased sometime before and may have been "molly." (Id. at 3:15-3:50).

Bristol has four prior convictions relevant to this motion. In 1995, Bristol was convicted in Dauphin County of possession with intent to deliver cocaine and sentenced to 15-36 months imprisonment at docket number CP-22-CR-3529-1994. (Gov't Ex. 6). In a different incident in 1995, Bristol was convicted in Dauphin County of possession of crack cocaine and making false reports to law enforcement and sentenced to 12 months imprisonment concurrent with docket number CP-22-CR-3529-1994 at docket number 3329-CD-94. (Gov't Ex. 7).

In 2001, Bristol was convicted in the Dauphin County Court of Common Pleas of delivery of crack cocaine and sentenced to 15-36 months imprisonment at docket number CP-22-CR-108-2001. (Gov't Ex. 5).

In 2007, Bristol pleaded guilty to a one count superseding information charging him with distribution and possession with intent to distribute crack cocaine in the Middle District of Pennsylvania at docket number 1:06-CR-359. (Gov't Ex. 4). He was sentenced to 160 months imprisonment, later reduced to 128 months. (Id.); Dkt. No. 1:06-CR-359, Doc. 49. In that case, federal agents seized 325.2 grams of crack cocaine and 59.5 grams of cocaine hydrochloride from Bristol's car, and his girlfriend told agents that Bristol stored and cooked crack cocaine at her residence. No. 1:06-CR-359, Presentence Report ¶¶ 5-10.

## II. Discussion

The government seeks to introduce evidence of Bristol's three drug-trafficking-related convictions from 2007, 2001, and 1995 pursuant to Rule 404(b) to show that he had knowledge of drug trafficking and intended to distribute the controlled substances, namely the marijuana[2] and cocaine. Should Bristol testify, the government also seeks to impeach him by evidence of his previous drug-trafficking-related convictions and the 1995 conviction for making false statements to law enforcement pursuant to Rule 609.

### A. Rule 404(b)

Rule 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).

---

[2] As noted further below, the government's assertion that Bristol trafficked marijuana in relation to his 2007 federal conviction appears to have no basis.

4

On the other hand, this kind of evidence is permitted if used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). "Hence, where the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded. Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992) (citing Government of Virgin Islands v. Harris, 938 F.2d 401, 419 (3d Cir. 1991)).

"Rule 404(b) is a rule of general exclusion . . . ." United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014). That is, the rule "directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." Caldwell, 760 F.3d at 276. The rule is inclusive in the sense that "it does not limit the non-propensity purposes for which evidence can be admitted." United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017).

There is a four-part test for determining admissibility under Rule 404(b). United States v. Huddleston, 485 U.S. 681, 691-92 (1988). Prior acts evidence is admissible if it is: (1) offered for a non-propensity purpose; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403; and (4) accompanied by a limiting instruction. United States v. Garner, 961 F.3d 264, 273 (3d Cir. 2020) (citing United States v. Davis, 726 F.3d 434, 441 (3d Cir. 2013)).

5

As to the first factor, the court must consider the "material issues and facts the government must prove to obtain a conviction," Sampson, 980 F.2d at 888, and show that its purpose is "at issue" in the case. Caldwell, 760 F.3d at 276 (3d Cir. 2014). As to the second factor, the government must show that the evidence is "actually relevant to the identified non-propensity purpose." Id. at 281. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The government must "proffer a logical chain of inference[s] consistent with its theory of the case." Caldwell, 760 F.3d at 278 (3d Cir. 2014) (citing Sampson, 980 F.2d at 888).

The government intends to ask a Harrisburg detective four questions about Bristol's prior drug-trafficking-related convictions. The questions seek to establish his knowledge of controlled substances trafficking and his intent to distribute the drugs found in his residence, specifically in reference to the cocaine and marijuana. (Doc. 78 at 8). The questions are:

> a. Isn't is true, the defendant was convicted in 2007 in the U.S. District Court for the Middle District of Pennsylvania of distribution and possession with intent to distribute crack cocaine?

6

> b. And, isn't it also true, that the investigation determined that he was responsible for 325 grams of crack cocaine, 59 grams of powder cocaine, and over 6,500 grams of marijuana?[3]
>
> c. And, isn't it also true, the defendant was convicted in 2001 in the Dauphin County Court of Common Pleas of Delivery of crack cocaine?
>
> d. And, isn't it also true, the defendant was convicted in 1995 in the Dauphin County Court of Common Pleas of possession with intent to deliver cocaine?

(Id.)

The government also provides a proposed limiting instruction and states its intention to call an expert witness who will testify to, among other things, that "cocaine can be turned into crack cocaine." (Id. at 9). The government asserts Bristol's prior convictions "demonstrate his knowledge of controlled substances trafficking and his intent to distribute the drugs found in his residence." (Id. at 11). Bristol responds that the convictions are merely an attempt to cast him as a lifelong drug dealer and that the probative value of the convictions is substantially outweighed by the risk of unfair prejudice. (Doc. 87 at 1).

---

[3] The government's limiting instruction also notes, "the investigation determined he also possessed cocaine hydrochloride and marijuana." (Id. at 9). However, Bristol was neither charged with nor convicted of an offense related to trafficking or possessing marijuana, and the PSR portions cited in the government's brief do not mention marijuana. Instead, the 6,500 grams of marijuana appear to come from paragraph 15 of the PSR, which converted the crack cocaine and powder cocaine recovered from Bristol into their marijuana weight equivalent pursuant to Application Note 10 of U.S.S.G § 2D1.1 (2007), which found that he was responsible for the equivalent of 6,515.9 *kilograms* of marijuana. No. 1:06-CR-359, Presentence Report ¶¶ 15. This is not the same as being charged with, convicted of, or found responsible for approximately 6,500 kilograms of marijuana. Accordingly, unless the government presents this court with other evidence that Bristol has a conviction related to marijuana or was found responsible for trafficking a quantity of marijuana, references to it must be stricken from its questions and the limiting instruction.

7

Beginning with the first factor, the government offers Bristol's convictions to prove that he had knowledge of trafficking of controlled substances and the intent to distribute the controlled substances found in his house. (Doc. 78 at 11). Both are proper purposes to admit prior act evidence under Rule 404(b). However, the government must also show these purposes are "at issue" in this case. The government must prove, with respect to the marijuana, methamphetamine, and cocaine, that Bristol knowingly and intentionally possessed with intent to distribute each controlled substance to convict. 21 U.S.C. § 841(a)(1); (Doc. 1). Regarding the marijuana, the court has no information that Bristol has conceded knowledge of trafficking marijuana or intent to distribute the 18 kilograms found in his house, and those purposes are at issue. With respect to the cocaine, Bristol admitted on body-camera footage that he purchased the cocaine and packaged it for sale, but did not have the market to sell it or did not know how. Thus, only knowledge of selling cocaine is at issue and not intent to sell. With respect to the methamphetamine, Bristol claimed, again on body-worn camera footage, that he was unaware of what the substance was. Knowledge and intent are both at issue with the methamphetamine. Thus, the convictions are offered for a proper purpose: both knowledge and intent for the marijuana and methamphetamine and knowledge of the cocaine.

Under the second factor, the government must show that the convictions are actually relevant to non-propensity purpose and "proffer a logical chain of inference." Caldwell, 760 F.3d at 281. The question is: do Bristol's three convictions

8

for trafficking crack cocaine and cocaine make it more likely that he possessed with intent to distribute marijuana, cocaine, and methamphetamine? The government provides several examples where the Third Circuit seemingly answers in the affirmative. Bristol makes hay of the differences in the present allegations concerning marijuana, cocaine, and methamphetamine, and his prior drug-trafficking-related convictions for crack cocaine (2007, 2001) and cocaine (1995). The caselaw is not definitive on the magnitude of this difference.

In Givan, the court held the defendant's previous conviction for distribution of cocaine was relevant to his knowledge of the presence of heroin because "it indicates that Givan had knowledge of drugs and drug distribution." Givan, 320 F.3d at 461. It went on to state "the distinction . . . between the types of drugs involved is of limited significance in the context of this case in which the conviction is germane only with respect to Givan's knowledge of the presence of drugs. It is not as if dealing in cocaine and heroin are mutually exclusive endeavors." Id. at 462. This seems to support the type of drug is less important than the purpose for which the prior conviction is offered.

Numerous unpublished Third Circuit cases are also in accord. In United States v. Badini, the court affirmed the district court's admission of testimony that the defendant had previously sold cocaine to support his conviction for an unrelated conspiracy to distribute cocaine, reasoning it was relevant to his knowledge of drug transactions and intent to sell drugs he purchased. 525 F. App'x 190, 194 (3d Cir. 2013) (nonprecedential). In United States v. Lopez, the Court found the defendant's

9

(a federal prisoner) previous conviction for conspiracy to distribute cocaine was relevant to his prosecution for possession of heroin because it made it more likely he had knowledge of the heroin found near his bunk and less likely it was there by innocent association. 340 F.3d 169, 174 (3d Cir. 2003). Several other cases speak to previous "drug" convictions where the type of controlled substance relevant to the prior conviction is unclear, but all affirmed the admission of the prior conviction or prior drug activity. See e.g. United States v. Flood, 339 F. App'x 210, 214-15 (3d Cir. 2009) (nonprecedential); United States v. Dicks, 264 F. App'x 252, 254-56 (3d Cir. 2008) (nonprecedential); United States v. Snard, 497 F. App'x 228, 233-34 (3d Cir. 2012) (nonprecedential).

    Recent precedent paints a murkier picture of admitting prior convictions concerning different controlled substances. In Garner, which the government cites, the Third Circuit affirmed the district court's admission of a prior cocaine conviction. Garner, 961 F.3d at 273. The defendant was charged with possession with intent to deliver cocaine and heroin. Id. The government attempted to admit the defendant's prior 2005 conviction for possession of cocaine, 2007 conviction for sale of cocaine, and a 2016 pending charge for possession with intent to distribute marijuana. Id. The district court only admitted the 2007 cocaine conviction, finding the 2005 conviction and 2016 pending charges to be "not relevant to this distribution charge." Id. And, the district court only admitted the conviction "to prove knowledge of cocaine and how to sell it, not to prove intent and knowledge of packaging heroin." Id. at 274.

Here, the government proposed its logical chain of inferences is that his past convictions show Bristol knew how to identify cocaine,[4] package it for resale, pricing, supply, and distribution, and would have been aware of the cocaine in his home. (Doc. 78 at 11-12). The court agrees his drug-trafficking related convictions are relevant to his knowledge of cocaine trafficking. Yet, following <u>Garner</u>, it is not clear how his drug-trafficking-related convictions are relevant to knowledge of trafficking marijuana or methamphetamine or intent to sell either. Unlike crack cocaine and cocaine, which have similar characteristics,[5] methamphetamine and marijuana are drastically different substances and Bristol's convictions for the former do not logically lead to the inference of knowledge and intent as to the latter. As to the methamphetamine specifically, the government's logical chain of inference appears to be that Bristol's claim of ignorance as to the cocaine market is false, which "brings to question the veracity of his other statements, such as his knowledge of the methamphetamine." (Doc. 78 at 12). However, it is not a logical inference that lying about knowledge of the market for selling cocaine means Bristol is lying about his knowledge of identifying methamphetamine. Accordingly, the prior drug-related-convictions are only relevant to the extent knowledge of cocaine trafficking is at issue, but not for knowledge or intent of trafficking marijuana or methamphetamine.

---

[4] The government makes the same argument regarding marijuana, apparently based of the faulty basis that he was found responsible for marijuana in 2007.

[5] Not to mention, cocaine is a necessary ingredient of crack cocaine.

11

The third factor requires that the evidence is sufficiently probative under Rule 403, which provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Here, the probative value of the prior drug-related convictions is high. Bristol claims he did not have knowledge of cocaine trafficking, and those convictions go directly to his knowledge. The risk of prejudice is also high, as is inherent with the admission of any previous conviction of the defendant. United States v. Bailey, 840 F.3d 99, 129-30 (3d Cir. 2016). The government seeks only the name, date, and location of the conviction, and for the 2007 conviction, that powder cocaine was also involved. (Doc. 78 at 17). Even if the admission of the convictions is prejudicial, their probative value is not substantially outweighed by the risk of unfair prejudice. And, the final factor is that the admission be accompanied by a limiting instruction, which this court will duly order.

Accordingly, the 2007, 2001, and 1995 convictions are only admissible as prior bad acts under Rule 404(b) as to knowledge of cocaine trafficking. The government may not present them in relation to Bristol's knowledge or intent to trafficking marijuana or methamphetamine. A modified limiting instruction will be given to the jury if requested by the parties in accordance with this opinion.

### B. Rule 609

Rule 609 allows evidence of a prior conviction to attack a testifying witness's

credibility under certain circumstances. FED. R. EVID. 609. Rule 609 allows use of a felony conviction to impeach a testifying defendant "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Id. 609(a)(1)(B). This is the opposite of the standard under Rule 403 and "creates a 'predisposition toward exclusion.'" Caldwell, 760 F.3d at 286 (quoting Wright & Gold, Federal Practice and Procedure § 6132, at 216). A conviction for an offense going to a witness's character for truthfulness, a *crimen falsi* conviction, must be admitted regardless of whether it is a felony or the identity of the witness. FED. R. EVID. 609(a)(2). The Third Circuit has provided four relevant factors when weighing the probative value of a past conviction against its prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." Caldwell, 760 F.3d at 286 (quoting Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982)).

Rule 609 further contains a temporal limitation, which states "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." FED. R. EVID. 609(b)(1). The Advisory Committee Notes to the Rule state, "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Id. 609(b)(1) advisory committee's note (1974).

13

The parties agree that only Bristol's 2007 conviction falls within Rule 609's 10-year temporal limitation. (Doc. 78 at 22; Doc. 87 at 6-7). In any event, the government argues that all the convictions are admissible while Bristol argues that none are.

Under the first factor, courts look to the crime involved in the previous conviction, including both its impeachment value and similarity to the charged offense. Caldwell, 760 F.3d at 286. Whereas crimes involving dishonesty are highly probative of a witness's credibility, crimes involving violence typically are not. Id. And, if the conviction used for impeachment is similar to the charged crime, "the balance tilts further towards exclusion." Id.

The second factor is the age of the conviction. As noted previously, only one of the convictions, the 2007 federal conviction, falls within Rule 609's 10-year window, as Bristol was released from confinement for this offense within the past decade. His three older convictions face more significant scrutiny, as they are 25 and 30 years old. Here, the government points out that despite the age of the convictions, the value is undiminished because of Bristol's numerous back-to-back convictions, "which could suggest his character has not improved." (Doc. 78 at 23 (citing Caldwell, 760 F.3d at 287)).

The third factor is the importance of the defendant's testimony at trial. "The tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions. If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider

14

whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." Caldwell, 76- F.3d at 287 (quoting Glenn Weissenberger & James J. Duane, Weissenberger's Federal Evidence § 609.2 (4th ed. 2001)). In other words, the more necessary it is for the defendant to testify to establish his defense, the less likely it is a prior conviction is to be admissible to impeach him. Here, the government states that Bristol's testimony is not needed given that his statements are recorded on body-camera footage. (Doc. 78 at 24). Bristol is mum on whether he intends to testify, as is his right, and argues that the credibility of the government's witnesses is the likely focus of the trial. (Doc. 87 at 8).

The fourth factor is the importance of credibility at trial. "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." Caldwell, 760 F.3d at 288 (quoting 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.05[3][f]). The government argues that Bristol's credibility "cannot be understated" and that his credibility is determinative on the possessing a firearm in furtherance of drug trafficking in count 4 and the possession with intent to distribute 50 grams and more of methamphetamine in count 1 because a jury will need to evaluate Bristol's claims that he borrowed the firearms for his wife and that he did not know what the methamphetamine was. (Doc. 78 at 25).

Applying these factors to Bristol's prior convictions, only the 2007 federal conviction is admissible to impeach his testimony, should he testify. Bristol has three drug-trafficking-related convictions for distributing crack cocaine in two cases

15

(2007, 2001) and cocaine in another (1995). His fourth conviction is for lying to a law enforcement officer. As for the drug-related convictions, one is clearly similar in nature to his present charges, which is possession with intent to deliver cocaine in 1995. The remaining two drug-related convictions are for a different, but related substance, crack cocaine. This tilts towards excluding the 1995 cocaine conviction but admitting and 2001 and 2007 crack cocaine convictions. The 1995 conviction for lying to a law enforcement officer is not only different than his present charges, but as a conviction concerning his honesty, is probative of his character for truthfulness.

Three of Bristol's convictions are from 25 and 30 years ago, and with their age, the probative value has diminished to the point where their only value is to prejudice the defendant rather than impeach his credibility, notwithstanding the government's argument his convictions show a continued pattern of criminal behavior. Convictions older than 10 years are to be admitted only "rarely and in exceptional circumstances," FED. R. EVID. 609(b)(1), advisory committee's note (1974), and the government has not shown that this is an exceptional circumstance. Rather, it seems an attempt to pile on negative character evidence. On the third factor, the parties seem to agree that Bristol's testimony is not necessary in this case.

Finally, on the importance of credibility of the defendant, it is true that the government will need to prove that Bristol had knowledge of the methamphetamine and will need to prove he possessed the firearms in furtherance of drug trafficking, but the government does not sufficiently elaborate on how a 25 year old drug

16

conviction and two 30 year old drug and lying to law enforcement officer convictions are the key to undermining Bristol's credibility rather than simply prejudicing the jury against him. The court looks no further than Caldwell, where the Third Circuit held that the district court improperly admitted the defendant's two prior convictions for illegally possessing a firearm, in a case for illegal possession of a firearm by a felon, where the defendant's credibility was *the* central issue in the case. Caldwell, 760 F.3d at 289 ("At its core, this case was a 'he said, she said' battle between Caldwell's version of events and that of the detectives."). Credibility is a part, but certainly not the central issue in this case, and the government has not met its high burden for establishing that the probative value of these convictions substantially outweighs their prejudicial effect.

The government may only impeach Bristol's credibility with evidence of his 2007 possession with intent to distribute crack cocaine conviction because it is sufficiently different from the charged offense, within the temporal limitation of Rule 609(b), and given that the conviction is already admissible (albeit for a different purpose under a different rule), the prejudice is reduced and the probative value of the conviction is not outweighed by it as to Bristol's credibility.

## IV.  Conclusion

The government requests Bristol's three drug-trafficking-related convictions be admitted to show knowledge and intent and the same three convictions and a *crimen falsi* conviction be admitted to attack his character for truthfulness. However, the drug-trafficking related convictions are only admissible with respect

17

to the possession with intent to distribute cocaine, and only the 2007 possession with intent to distribute crack cocaine is probative of his character for truthfulness. Accordingly, the government's motion (Doc. 77) will be granted in part and denied in part. An appropriate order shall issue.

                                                      /S/ KELI M. NEARY
                                                      Keli M. Neary
                                                      United States District Judge
                                                      Middle District of Pennsylvania

Dated:    January 9, 2026